IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BYRON C. YOUNG | : | CIVIL ACTION |
| | : | |
| v. | : | No. 15-5127 |
| | : | |
| ANDREW SAUL,[1] | : | |
| *COMMISSIONER OF SOCIAL* | : | |
| *SECURITY* | : | |

**ORDER**

AND NOW, this 22nd day of July, 2019, upon consideration of Plaintiff Byron C. Young's Brief and Statement of Issues in Support of Request for Judicial Review, Defendant Andrew Saul, Commissioner of Social Security's response thereto, Young's reply, and after careful review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter and Young's objections, it is ORDERED:

1. Young's objections to the Report and Recommendation (Document 24) are OVERRULED[2];

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Federal Rule of Civil Procedure 25(d), Saul is substituted for Carolyn W. Colvin as the Defendant in this case.

[2] Plaintiff Byron C. Young seeks review of the denial of his application for Social Security Disability Insurance Benefits and Supplemental Security Income by Defendant Andrew Saul, Commissioner of Social Security. In a decision issued on April 11, 2014, an Administrative Law Judge (ALJ) concluded Young was not disabled after applying the Social Security Administration's five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. The ALJ first found Young had not engaged in substantial gainful employment since September 30, 2011. Second, she determined Young had the following severe impairments: osteoarthritis of the hip and knees with history of torn patella of the knees and right wrist osteoarthritis. At this stage, the ALJ noted that Young suffered from carpal tunnel syndrome but determined this was not a severe impairment. Third, the ALJ found Young's impairments did not equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Fourth, the ALJ concluded Young had the residual functional capacity to perform light work, subject to certain limitations limitations on his postural activities and exposure to certain environmental factors, rendering

Young unable to perform any past relevant work. Fifth, the ALJ determined jobs Young could perform exist in significant numbers in the national economy.

In his Request for Review, Young argues the ALJ's decision is not supported by substantial evidence because the ALJ erred by (1) "failing to find plaintiff's carpal tunnel syndrome . . . to be a severe impairment," Req. for Review 6, (2) "failing to assign great weight to the opinion of the treating orthopedist," *id.* at 9, and (3) basing "her denial of benefits on the [vocational expert's] answer to [her] defective" hypothetical question, *id.* at 18. On October 26, 2016, United States Magistrate Judge Thomas J. Rueter issued a Report and Recommendation (R&R) addressing these alleged errors, concluding the ALJ's decision was supported by substantial evidence, and recommending the Commissioner's denial of benefits be affirmed.

On November 28, 2016, Young filed objections to the R&R reasserting the first two arguments he made in his Request for Review. Young argues (1) the ALJ "failed to find that [Young's] bilateral carpal tunnel syndrome was severe despite compelling evidence," and this error was not harmless, Objs. 3, and (2) "the ALJ rejected the opinion of the treating board-certified orthopedic surgeon for erroneous reasons," *id.* at 5. Pursuant to 28 U.S.C. § 636(b)(1), this Court reviews de novo "those portions of the report or specified proposed findings or recommendation to which objection is made."

Upon de novo review of the record, and in light of the fact that Judge Rueter has already considered and addressed Young's arguments that there was no substantial evidence to support the ALJ's finding that Young's carpal tunnel syndrome was not a severe impairment and the ALJ's rejection of the treating orthopedist's medical source statement, Young's objections are overruled for the reasons stated in the R&R. The Court will nevertheless address Young's arguments concerning the ALJ's finding that his carpal tunnel syndrome was not a severe impairment.

Young reasserts his original argument that the ALJ's finding that his carpal tunnel syndrome was not a severe impairment was not supported by substantial evidence. Contrary to Young's position, Judge Rueter determined the ALJ's finding was supported by substantial evidence. *See* R&R 14 ("The ALJ gave sufficient reasons for her finding that carpal tunnel syndrome was not a severe impairment and the record supports this finding."). The Court agrees. Substantial evidence is relevant evidence "a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). This Court is not permitted to "re-weigh the evidence or impose [its] own factual determination." *Chandler v. Comm'r of Soc. Sec. Admin.*, 667 F.3d 356, 359 (3d Cir. 2011). In this instance, the ALJ considered the report of Young's treating physician which noted the "uncertain" "clinical significance" of studies consistent with carpal tunnel syndrome, *see* Administrative Record (A.R.) 87, and the dearth of evidence to support severe carpal tunnel syndrome impairment elsewhere in the record, s*ee id.* Young's contention that the ALJ's finding was error "despite compelling evidence," Objs. 3, is merely a request that the Court re-weigh the ALJ's properly-supported finding. Because the Court is not permitted to do so, and for the reasons stated in the R&R, the ALJ did not err in finding Young's carpal tunnel syndrome was not a severe impairment.

Even assuming the ALJ erred in finding Young's carpal tunnel syndrome was not a severe impairment, it would have been harmless. "When the ALJ finds at step two that a claimant has both severe and non-severe impairments, . . . the ALJ must consider the combined effects of the severe and non-severe impairments during the rest of the disability determination . . . ." *McClease v. Comm'r of Soc. Sec.*, No. 08-1673, 2009 WL 3497775, at *10 (E.D. Pa. Oct. 28, 2009) (citing 20 C.F.R. §§ 404.1523, 404.1545(a)(2)). If the ALJ finds that an impairment is severe at step two,

2. The Report and Recommendation (Document 20) is APPROVED and ADOPTED;

3. Young's Request for Review (Document 14) is DENIED; and

4. Judgment is entered in favor of the Commissioner by separate order, filed contemporaneously.

The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

her erroneous failure to find another impairment severe would be harmless as long as the combined effects imposed by both impairments are properly considered in the rest of the disability determination. *See Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 n.2 (3d Cir. 2007) ("Because the ALJ found in [the claimant's] favor at Step Two, even if he had erroneously concluded that some of her impairments were non-severe, any error was harmless."); *Lee v. Astrue*, No. 06-5167, 2007 WL 1101281, at *3 n.5 (E.D. Pa. April 12, 2007). The ALJ here properly considered the effects of all impairments in steps three through five of the disability analysis, and therefore accounted for the limitations imposed by Young's carpal tunnel syndrome. This is evidenced by the ALJ's consideration of Young's upper extremity and wrist symptoms, *see* A.R. 88–89, 91, the conservative treatment needed to control Young's symptoms, *see id.* at 89, 91, Young's testimony concerning his wrist limitations, *see id.* at 90, and the upper extremity limitations recommended by Dr. Lutz, *see id.* at 91.

Young's contention that *Bynum v. Colvin*, 198 F. Supp. 3d 434 (E.D. Pa. 2016), is instructive to the facts of this case is incorrect. In *Bynum*, the ALJ determined the claimant's Graves' disease was not a severe impairment because he found the disease's symptoms only appeared when the claimant was not taking medication during her pregnancy. *See* 198 F. Supp. at 437. The court found the ALJ erred because the claimant had *increased* her medication during pregnancy and had shown symptoms of Graves' disease while she was not pregnant. *Id.* The ALJ also failed to discuss the symptoms of Graves' disease while the claimant was not pregnant. *Id.* Accordingly, the court determined the ALJ "mischaracterized the evidence resulting in the ALJ not considering all the evidence." *Id.* at 438. Here, the ALJ did not mischaracterize evidence in concluding Young's carpal tunnel syndrome was not a severe impairment, and the ALJ did consider the symptoms of Young's carpal tunnel syndrome. Having accounted for the effects of Young's carpal tunnel syndrome, any error in finding his carpal tunnel syndrome was not a severe impairment would be harmless. Young's objection is therefore meritless.

Accordingly, the Court finds the ALJ's decision was supported by substantial evidence, Young's objections to the R&R are overruled, and the R&R is approved and adopted.